NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

TAX COURT OF NEW JERSEY



**Mala Sundar**
  **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
 25 Market Street
 Trenton, New Jersey 08625
 Telephone (609) 815-2922
 TeleFax: (609) 376-3018
 taxcourttrenton2@judiciary.state.nj.us

February 26, 2018

**BY FIRST-CLASS MAIL**
Chaim Gulkowitz, Self-Represented
Lakewood, New Jersey

**UPLOADED**
Lani Lombardi, Esq.
Cleary Giacobbe Alfieri Jacobs, L.L.C.
955 State Route 34, Suite 200
Matawan, New Jersey 07747

> Re: Gulkowitz v. Township of Lakewood
> Block 11, Lot 138
> Docket No. 010324-2017

Dear Mr. Gulkowitz and Counsel:

This letter constitutes the court's decision following trial of the above captioned matter. Plaintiff owns a residence, the above-captioned property ("Subject"), in defendant ("Township"). For tax year 2017, when the Township underwent a district-wide revaluation, plaintiff petitioned the Ocean County Board of Taxation ("County Board"), which affirmed the Subject's local property tax assessment of $682,000 (allocated $242,500 to land, and $439,600 to improvements). Plaintiff timely appealed the County Board's judgment to this court. For the reasons set forth below, the County Board's judgment is affirmed.

The Subject is a single family residence purchased by plaintiff in 2006, as a newly built home on a lot sized 0.35 acres. It has a colonial-style two-story building with five bedrooms, 2½

*

baths, and total gross living area ("GLA") of about 3,296 square feet ("SF"). It also has a full finished basement, an attached one-car garage, and an in-ground pool. The basement has a sink and kitchen cabinets, meant to be used for a future Passover kitchen, but has no appliances and is being used as a storage space. There are also two bedrooms, an open area used as a playroom, a recreation room, and two bathrooms in the basement. The area behind the Subject is wooded.

Plaintiff relied upon one comparable sale, a home across the street from the Subject which sold December 1, 2015 for $565,000 after being on the market for eight months. The comparable has a lot sized 0.27 acres, and is improved by a custom built single family residence, built in 1994. It had five bedrooms, three or four full bathrooms, and a GLA of 3,731 SF. It also had an unfinished basement, a two-car garage, and an in-ground pool. It is located in an inner loop, which means there are other homes behind it. Plaintiff had visited the comparable when it was on the market, which according to him was known as the nicest home on the block.[1]

Per plaintiff, the Subject's value should be $499,126 which is the comparable's sale price per SF of GLA ($565,000/3,731 SF) times the Subject's GLA.

**FINDINGS**

"Original assessments and judgments of county boards of taxation are entitled to a presumption of validity." MSGW Real Estate Fund, L.L.C. v. Borough of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998). "Based on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous." Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985). "The presumption of correctness . . . stands, until sufficient competent evidence to the

---

[1] After the sale, more improvements were made to the interior. A permit was taken out in September 2016 to make an addition to the second story (a bathroom and a bedroom), after which the GLA increased to 4,387 SF. Inspection also revealed that there were interior renovations, which required a gutting of the house. The residents occupied the house May of 2017.

contrary is adduced." Township of Little Egg Harbor v. Bonsangue, 316 N.J.Super. 271, 285-86 (App. Div. 1998).

A taxpayer can rebut the presumption by introducing "cogent evidence" which is evidence that is "'definite, positive and certain in quality and quantity.'" Pantasote, 100 N.J. at 413 (citing Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 105 (1952)). Plaintiff must present the court with "evidence sufficient to demonstrate the value of the subject property, thereby raising a debatable question as to the validity of the assessment." MSGW, 18 N.J. Tax at 376. Disagreement with an assessment must be based on "sound theory and objective data rather than on mere wishful thinking." Ibid. (internal quotations marks omitted).

If the court decides that the presumptive correctness is overcome, it can find value based "on the evidence before it and the data that [is] properly at its disposal." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 430 (1985). The complainant bears the burden of persuading the court that the "judgment under review" is erroneous. Ford Motor Co. v. Township of Edison, 127 N.J. 290, 314-15 (1992).

If, at the close of plaintiff's proofs, the court is presented with a motion to dismiss under R. 4:37-2(b), in evaluating whether plaintiff's evidence meets the "cogent evidence" standard, the court "must accept such evidence as true and accord the plaintiff all legitimate inferences which can be deduced from the evidence." MSGW, 18 N.J. Tax at 376. If the court decides that the plaintiff did not overcome the presumptive correctness, then the assessment should be affirmed. Ibid. Thus, if a party has not met this burden, the trial court need not engage in a further evaluation of the evidence to make an independent determination of value.

The market approach (or using comparable sales) is the generally accepted appraisal methodology to determine value of residential homes. See Appraisal Institute, The Appraisal of

Real Estate 377 (14th ed. 2013) (the comparable sales method is generally appropriate for valuation of a residential property where value is derived "by comparing similar properties that have recently sold with the property being appraised, identifying appropriate units of comparison, and making adjustments to the sales prices . . . of the comparable properties based on relevant, market-derived elements of comparison"). Market evidence must support any element of comparison that causes "value differences." Id. at 378.

Plaintiff chose one sale of an older, custom built residence, located in the Township. It is chronologically older than the Subject. It did not have a finished basement with additional rooms and bathrooms as did the Subject. While these inferior characteristics could require an upward adjustment to the sale price, the comparable's larger GLA could require a downward adjustment (although according to the assessor, this would not be necessarily true since for homes as large as the Subject, the 400 SF would not make a significant difference).[2] The quantum of this net adjustment is unknown. Even if one were to assume that the net adjustment could require some reduction of the Subject's assessment, it is difficult to see how the adjustments would be $182,974, the difference between the assessment ($682,100) and plaintiff's requested reduction ($499,126). It is even more difficult to agree with this number for three reasons. First, the comparable is not the same style as the Subject. Second, it sold a year before the assessment date. There was no reason why more recent sales were not used. Third, one sale is not a reasonable or credible indicator of value unless there is such a paucity of sales explained satisfactorily to the court. As this court has previously held:

---

[2] The Township argued that the interior condition of the comparable was unknown to plaintiff, thus, this also could require an adjustment. However, plaintiff testified (sans photographs) that from his personal inspection during the comparable's open house, there was nothing to indicate that the interior condition was any worse than the Subject's. The Township on the other hand did not have any information of the comparable's interior prior to its 2017 inspections, which were undertaken since permits for expansion and renovation were in place.

> [A] single sale is not a sufficient sampling to arrive at a firm conclusion. The inquiry relates to what purchasers of property of this kind will pay and what willing sellers will demand in sales of this type . . . . Until a sufficient number of samplings have been examined to establish a definite trend from which a reasonable conclusion can be drawn, this answer cannot be given.
>
> [Lorenc v. Township of Bernards, 5 N.J. Tax 39, 49 (Tax 1982), aff'd sub nom, 6 N.J. Tax 349 (App. Div.).]

For the above reasons, the court finds that it does not have sufficient sampling, thus, does not have credible quantitative and qualitative evidence of the Subject's true value. Plaintiff's calculation of the Subject's true value (sale price of comparable divided by its GLA times the Subject's GLA), standing alone, oversimplifies the valuation technique and process and dilutes the need for qualitative cogent evidence.

The court is mindful that it must strive to find value. However, as stated in Township of Warren v. Suffness, 225 N.J. Super. 399 (App. Div. 1988), "the Tax Court's right to make an independent assessment is not boundless," but must be "based on the evidence before it and the data that are properly at its disposal." Id. at 414 (citation and quotation marks omitted). Thus, the court cannot "arbitrarily assign a value to the property not supported in the record." Ibid. (citation and quotation marks omitted). Here, there was no such credible evidence for the court to independently conclude the Subject's value.

## CONCLUSION

For the aforementioned reasons, the court finds that plaintiff has failed to produce sufficient evidence to overcome the presumptive validity of the judgment of the County Board. An Order affirming the County Board's judgment will accompany this opinion.

Very truly yours,

Mala Sundar, J.T.C.

5